UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re )
)
ADELE BENJAMIN, LLC, ) Case No. 3:13-bk-4141-JAF
)
      Debtor. ) Chapter 11
_____ )

### FINDINGS OF FACTS AND CONCLUSIONS OF LAW ON SUTHERLAND ASSET I, LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

This case is before the Court on the motion for relief from the automatic stay filed by Sutherland Asset I, LLC ("Sutherland"). The Court has taken testimony, received evidence, and heard argument of counsel with regard to the motion of Sutherland. Based upon the evidence and testimony presented to the Court, the Court determines that Sutherland is entitled to relief from the automatic stay based upon the following findings of facts and conclusions of law.

### FINDINGS OF FACT

1. Sutherland is an undersecured creditor in this case holding a mortgage on the real estate owned by the Debtor and from which the Debtor derived all of its income.

2. Prior to the filing of this bankruptcy case Sutherland had instituted a foreclosure case in the Circuit Court of Citrus County, Florida.

3. On June 27, 2013, the Circuit Court Judge of Citrus County entered a final judgment of foreclosure finding that Sutherland was owed $2,616,098.17. The Court scheduled a foreclosure sale to take place on August 1, 2013.

4. A receiver was appointed in the state court action and redeemed real property tax certificates that had been outstanding on the property for the years 2010, 2011, and 2012 to

prevent a tax deed sale from taking place. The Debtor had not paid real property taxes for these years.

5. The uncontroverted testimony is that the Debtor was established in 2006 and has never earned a profit.

6. Prior to the scheduled foreclosure sale, on July 2, 2013, the Debtor filed a voluntary petition pursuant to Chapter 11 of the Bankruptcy Code.

7. The Debtor's case management report discloses that Debtor's purpose for filing this bankruptcy case was to halt the foreclosure case.

8. In October 2013 this Court determined that this bankruptcy case is a single asset real estate case as that term is defined in § 101(51B) of the Bankruptcy Code. This Court determined after an evidentiary hearing that the Debtor's real property that is subject to the mortgage of Sutherland generated all of the gross income of the Debtor and that the Debtor conducted no business other than operating the real property and the activities incident thereto.

9. Adele Benjamin, LLC filed a motion in this case seeking authorization to use Sutherland's cash collateral. However, on November 21, 2013, this Court denied the motion finding that the Debtor was unable to provide the adequate protection required by § 361 of the Bankruptcy Code in order for the Debtor to use Sutherland's cash collateral.

10. The undisputed evidence before this Court is that: (1) the value of the property encumbered by the mortgage of Sutherland is less than the debt owed to Sutherland; (2) the Debtor has no unsecured creditors other than the deficiency claim of Sutherland; (3) there is no equity in the Debtor's real property; (4) the Debtor has no employees; and (5) the Debtor's financial problem is essentially a dispute between the Debtor and Sutherland.

11. Dr. Michael Herron is the sole member of the Debtor and is also the sole member of a tenant of the Debtor, Sugar Mill Diagnostic Imaging, LLC ("Sugar Mill").

12. It is without dispute that the Debtor has allowed Sugar Mill to remain in possession of a portion of the real property for over a year without paying any rent to the Debtor. The Debtor has not sought to collect any monies from Sugar Mill nor has it sought to evict Sugar Mill for failing to pay rent.

13. The Debtor has filed a plan of reorganization which demonstrates that the rental income from the property is insufficient to make plan payments and therefore the plan requires equity contributions from the Debtor's principal.

14. Nothing in the plan or disclosure statement provides any information regarding the financial wherewithal of Debtor's principal to make the required equity contributions.

15. The Debtor's plan provides that Dr. Herron, the sole member of the Debtor, will remain as the sole member of the Debtor, but the unsecured claim of Sutherland will receive no payment for three years after the effective date and thereafter will be paid 1/360 per month on the deficiency claim paid over 30 years with no interest.

## CONCLUSIONS OF LAW

1. Sutherland filed its motion for relief from the automatic stay alleging that the case was filed in bad faith and that bad faith constitutes cause under § 362 of the Bankruptcy Code for the modification of the automatic stay. The Eleventh Circuit Court of Appeals in In re: Albany Partners Ltd., 749 F.2d 670 (11th Cir. 1984) recognized that cause exists for the modification of the automatic stay upon a finding that a case was filed in bad faith.

2.	The Eleventh Circuit in In re: Natural Land Corp.,[1] 825 F.2d 296 (11th Cir. 1987) and In re: Phoenix Piccadilly, Ltd., 849 F.2d 1393 (11th Cir. 1988) developed certain factors by which a bankruptcy court could analyze whether a case was filed in bad faith. The factors are not intended to be exhaustive but to be a guide for determining cause. Included in those factors are: (1) if the Debtor has only one asset; (2) if the Debtor has few unsecured creditors whose claims are small in relation to the claims of secured creditors; (3) if the Debtor has few employees; (4) if the property was the subject of a foreclosure action as a result of arrearage on payments to the mortgagee; (5) if the Debtor's financial problems are essentially a dispute between the Debtor and a secured creditor; and (6) if the timing of the Debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the secured creditor to enforce its rights.

3.	All of the Phoenix Piccadilly and Natural Land factors are present in this case. The Debtor offers no reasons that these factors should not to be applied to the facts of this case.

4.	In seeking to have the automatic stay modified to pursuant to § 362 of the Bankruptcy Code, the creditor has the burden of proof of establishing that there is no equity in the subject property. In re: RAD Properties, Inc., 84 B.R. 827 (Bankr. M.D. Fla. 1988). In this case, the parties agree that there is, in fact, no equity in the subject property. The movant has the burden of proof on the issue of equity; if this burden is met then the burden shifts to the Debtor to demonstrate that the petition was filed in good faith, that there is a reasonable probability of confirmation of a plan, that the interest of the secured party in the real estate is adequately protected, and that the real estate is necessary for an *effective* reorganization. In re: Lotus Investments, Inc., 16 B.R. 592 (Bankr. S.D. Florida, 1981); In re: RAD Properties, Inc., 84 B.R. 827 (Bankr. M.D. Fla. 1988).

---

[1] In Re: State Street Houses, Inc., 356 F.3d 1345 (11th Cir. 2004) held that the Phoenix Piccadilly factors for determining bad faith were not abrogated by the Bankruptcy Reform Act of 1994.

5. Based upon the evidence and testimony received, the Court finds that the Debtor has not offered adequate protection in accordance with § 361 of the Bankruptcy Code for the interests of Sutherland in Debtor's property.

6. Furthermore, the Court does not believe that the plan is confirmable over the objection of Sutherland as there has been no evidence that the Debtor's proposed plan is feasible. The plan on its face demonstrates that the Debtor will be unable to meet its obligations under the plan and requires contributions from the manager of the Debtor. However, the Debtor has failed to show that the Debtor's principal will be able to fund the plan.

7. The Court also finds that the proposed plan violates that absolute priority rule set forth in § 1129(b)(2)(B) of the Bankruptcy Code. The plan provides that he Debtor's principal is to retain his interest in the Debtor while the unsecured creditor, Sutherland, will not receive on the effective date of the plan property with a value of the allowed amount of Sutherland's unsecured claim.

8. While the Court finds the testimony from Dr. Herron to be both credible and forthcoming, the facts of this case are such that the movant is entitled to relief from the automatic stay as a matter of law predicated on the <u>Phoenix Piccadilly</u> and <u>Natural Land</u> factors as well as the Debtor's inability to propose a feasible plan that is fair and equitable. Accordingly, the Court determines that the Chapter 11 case was filed in bad faith, which constitutes cause within the meaning of § 362(d)(1) and 362(b)(2)(B) and Sutherland is entitled to proceed to enforce its remedies in its collateral.

9. The Court will enter a separate order granting relief from the automatic stay to Sutherland.

DATED this 26 day of December, 2013 at Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Attorney Alan M. Weiss is directed to serve a copy of this document on interested parties and file a proof of service within 3 days of entry of the Findings of Facts and Conclusions of Law.